## APPEAL OF CONTINENTAL ACCOUNTING & AUDIT CO.

Docket No. 1243. Submitted May 5, 1925. Decided October 1, 1925.

*Samuel B. Pack* and *H. H. Shinnick, Esqs.*, for the taxpayer.
*J. A. Adams, Esq.*, for the Commissioner.

### Before JAMES, LITTLETON, and SMITH.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal years ended June 30, 1920, and June 30, 1921, and for the period from July 1, 1921, to December 31, 1921, in the amounts, respectively, of $4,064.59, $3,104.34, and $2,747.24.

At the hearing, counsel for the Commissioner moved to dismiss upon the ground that there had not been, since the passage of the Revenue Act of 1924, a determination of a deficiency by the Commissioner against this taxpayer within the meaning of that Act. Upon the conclusion of argument the appeal was dismissed by the Division sitting, the following opinion being delivered orally by JAMES:

It appears in this appeal that the letter upon which the taxpayer relies as the determination of the Commissioner of a tax which should be assessed after June 2, 1924, was a letter of October 31, 1924, which after careful consideration by the Commissioner as alleged therein rejects the claims therein mentioned, and theretofore filed as claims in abatement by the taxpayer.

It has been admitted in this proceeding that the claims to which reference is there made were filed by the taxpayer simultaneously with the filing of the corporation income-tax returns for the years in question and simultaneously with the filing of the protest against the assessment of such taxes.

The amounts were computed upon the face of such corporation income tax returns, and were thereafter assessed in the usual course of collector's lists.

The Revenue Act of 1924 defines the term "deficiency" in section 273 (1) as "the amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return" with certain other provisions not material in this proceeding. If the Board may claim jurisdiction over this appeal it may be claimed only under section 280, which reads:

"SEC. 280. If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of deliquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277."

It is clear from the foregoing that the provisions of section 280, like the provisions of 274 or 279, relate to determinations by the Commissioner of a deficiency in tax, that is, a tax in excess of the amount shown by the taxpayer upon its return, and in the absence of such a determination of a deficiency the Board has no jurisdiction to entertain an appeal, even though the determination of the Commissioner that the tax due is the tax shown on the original return, takes place subsequent to June 2, 1924.

The chairman, under section 900 (f) of the Revenue Act of 1924, directed that the decision of the Division be reviewed by the Board; and upon such review the Board reversed the action of the Division and directed the preparation of the following

OPINION.

IVINS:[1] We believe the decision of the division dismissing this appeal to have been erroneous. The basis of that decision was the proposition that there was no "deficiency" in tax involved, but that the Commissioner had merely rejected claims in abatement and proposed to collect the taxes shown on the taxpayer's returns to be due. A "deficiency," as defined by section 273 of the Revenue Act of 1924, is:

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

(2) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts' previously abated, credited, refunded, or otherwise repaid in respect of such tax.

---

[1] This decision was prepared by Mr. Ivins during his term of office.

The determination of a deficiency involves two elements: (1) *The tax*—that is, the correct tax—and (2) *the amount shown as the tax by the taxpayer upon his return*, or the fact that *no amount is shown by the taxpayer upon his return*, or *no return is made by the taxpayer*. Without both of these elements there can be no " deficiency."

The Commissioner and the Division assumed that the amounts of $4,064.59, $3,104.34, and $2,747.24 were shown *as the taxes* by the taxpayer in its returns for the taxable periods concerned. But were they?

The taxpayer believed itself to be a personal service corporation, and as such not subject to any tax. Certain decisions adopted by the Commissioner were to the contrary, and the existing regulations required taxpayers with respect to which certain conditions were true to make returns on Form 1120. The taxpayer was one of these.

In compliance of these regulations, although it believed them to be erroneous, but under duress of the penalties which might be imposed if it should prove unable to establish the accuracy of its belief, and to avoid the expense of attempting to establish it otherwise than by filing claims in abatement, the taxpayer caused Form 1120 to be prepared and filed for each of the taxable periods. On such returns it gave the answers to the various questions, including the computation of tax. *But it annexed to each return a statement or protest to the effect that it was a personal service corporation and that no tax was due from it.* And it submitted with each return a claim in abatement based upon the same proposition.

The statements or protests annexed to the returns were just as much a part of the returns as are the schedules ordinarily annexed to tax returns. The returns should be read as a whole, including the protests. If not so read they should not be treated as returns at all. The Commissioner had no more right to ignore the protests than he would have to ignore a schedule of deductions claimed. Read as a whole the returns *show no amount as the tax or show the tax to be zero*.

Or if treated as no returns at all they certainly constitute no basis for the collection of a tax without the determination of a deficiency.

The theory of section 273 is that a deficiency is the difference between the correct tax and (with adjustment for amounts previously assessed or collected) the amount admitted by the taxpayer on his return to be the correct tax (or zero if no return is filed). Here the taxpayer admitted no tax due; claimed that its tax was zero. The mere filling in of a blank is not an admission of tax due when there is annexed to and made part of it a protest that liability for tax is denied.

The Commissioner in rejecting the claims for abatement and proposing to collect the taxes made a determination of a deficiency—the difference between what he believes to be the correct tax and nothing (i. e., the amount shown on the returns as the tax or zero, the proper subtrahend where no return is filed). From that determination the taxpayer is entitled to an appeal for the purpose of obtaining this Board's judgment on the correct amount of the tax.

ARUNDELL not participating.

---

[1] This decision was prepared by Mr. Ivins during his term of office.