EDGAR M. MORSMAN, JR., ADMINISTRATOR, ESTATE OF TRUMAN BUCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17660. Promulgated September 20, 1928.

*Edgar M. Morsman, Jr., Esq.*, pro se.
*Benton Baker, Esq.*, for the respondent.

416

LANSDON: The only issue presented is whether petitioner is entitled to credit Federal estate taxes with the amount of inheritance taxes paid to the State of Nebraska. Section 301 (b) of the Revenue Act of 1924 provides:

The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 25 per centum of the tax imposed by this section.

The respondent contends that the allowance or disallowance of the credit authorized by the above quoted section is a matter over which the Board has no jurisdiction. He contends that such allowance or disallowance of the credit is purely an administrative matter, and that the deficiency or amount of tax imposed is not affected by the credit granted, under certain conditions, in section 301 (b).

Regulations 68 provides in part:

ART. 9. (a) * * * Before the Commissioner allows credit for any estate, inheritance, legacy, or succession taxes, there must be submitted to him a complete list of the property in respect to which any such taxes were imposed, and the amount thereof paid, certified under the hand and official seal of the officer of the taxing State or Territory having custody of the records pertaining to such taxes. * * *

The petitioner did not comply with Regulations 68, article 9 (a), and the respondent contends that the right to a credit because of inheritance taxes paid to the State of Nebraska has, therefore, been lost. He contends that section 301 (b) of the Act merely provides the method of satisfying a tax found to be due.

Section 301 (a) of the Revenue Act of 1924, as amended by section 322 of the Revenue Act of 1926, specifically provides for the imposition of a tax equal to the sum of certain percentages of the value of the net estate determined as provided in section 303 of the same Act. Section 303 provides that the net estate of a resident decedent shall be determined by deducting from the value of the gross estate the amounts authorized by subdivisions 1, 2, 3, and 4 thereof. Section 301 (b) provides for the allowance of a credit for inheritance taxes paid to a State. We are of the opinion that section 301 (b) is a part of the provision for computing the tax due and not, as contended by the respondent, a method of satisfying the tax liability found. The tax for which petitioner is liable is the amount remaining after the allowable credit for inheritance taxes paid to the State. Cf. *J. Moir*, 3 B. T. A. 21; *United States Fidelity & Guaranty Co.*, 5 B. T. A. 23; *Charles G. Barnes, etc.*, 8 B. T. A. 360.

The issue before the Board is not whether the Commissioner's regulation is just and reasonable and whether such regulation has been properly applied, but whether petitioner has paid any estate, inheritance, legacy or succession taxes to any State or Territory in respect of any property included in the gross estate. If so, section 301 (b) provides that the estate tax as computed under subdivision (a) " shall be credited " with such amount not to exceed 25 per cent of the tax determined under the latter section.

The evidence is clear that petitioner paid inheritance taxes to the State of Nebraska in the amount of $522.55, and that the tax was imposed in respect of property included in the gross estate for Federal estate-tax purposes. The petitioner is entitled to credit the estate tax of $148.85, determined by respondent, with inheritance taxes paid to the State of Nebraska, such credit not to exceed $37.21, which is 25 per cent of the amount determined under section 301 (a).

Reviewed by the Board.

*Decision will be entered for the petitioner.*