## JACKSON IRON & STEEL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5781.

Circuit Court of Appeals, Sixth Circuit.
Dec. 30, 1931.

R. S. Doyle, of Washington, D. C., and J. S. Graydon, of Cincinnati, Ohio (Charles D. Hamel, Richard S. Doyle, John Enrietto, and Hamel, Doyle, Park & Saunders, all of Washington, D. C., on the brief), for appellant.

F. E. Mitchell, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, F. Edward Mitchell, C. M. Charest, and J. K. Polk, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

With its tax return for the year 1918 petitioner filed an application for special relief under sections 327 and 328 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1093. While it had estimated its tax at $174,500 in its tentative return filed March 13, 1919, the complete return filed June 14, 1919, showed taxes payable in the sum of $235,646.33 in the event that special relief was not granted; and the application for such relief which accompanied this return assumed that by virtue of such application alone the initial computation of the tax was to be upon the basis of fifty per centum of the net income, or $171,-846.14. See section 328. Later the Commissioner made a final determination of petitioner's tax liability in the amount of $221,-973.35, which was $50,127.21 *more* than the amount admitted to be due in the application for special relief, but $13,672.93 *less* than the amount shown on the face of the complete return. At the same time the petitioner was notified that the application under sections 327 and 328 had been denied. An appeal was taken to the Board of Tax Appeals upon the hypothesis that this final determination resulted in a deficiency assessment, and, whether it did or not, presents the only question for our consideration; for, if it did not, the Board of Tax Appeals was without jurisdiction. Internal Revenue Act of 1926, c. 27, 44 Stat. 55, § 274 (a); 26 USCA § 1048.

Section 273 of the Revenue Act of 1926 (26 USCA § 1047) defines a deficiency, in respect of a tax imposed, as: "The amount by which the tax imposed by this chapter exceeds *the amount shown as the tax by the taxpayer upon his return.*" (Italics ours.) The petitioner presents an ingenious argument that "the amount shown" must be construed as identical with "the amount admitted by the taxpayer to be due," and that the mere filling of blanks is not an admission of tax due when there is annexed to and made part of the return a protest that liability is denied, and a number of cases are cited where it is said the Board of Tax Appeals has so construed this section.[1]

We think that the distinction between those cases and the instant one lies in the fact that there, in each instance, complete exemption or immunity from taxation under the applicable law and in respect of the income shown was claimed by the petitioner. Here the liability of petitioner to taxation is conceded, and the amount of the tax "shown by the return," subject only to adjustments or abatement, must likewise be conceded as correct and collectible unless special relief were granted under sections 327 and 328. There is a radical difference between a complete denial of all right to tax, and a petition to the sovereign not under claim of absolute right, but invoking the exercise of a discretionary power in the interest of equality of tax burden. In the one case there is no admission of any tax due; in the other, the taxpayer does admit primary liability for the amount of the tax shown, or for that tax which may be correctly computed from the other items shown, and seeks to be relieved of the admitted burden. Maas & Waldstein Co. v. U. S., 283 U. S. 583, 588, 51 S. Ct. 606, 75 L. Ed. 1285. If neither the final determination of the tax, at less than the amount shown on the return, nor the denial of special relief is appealable to the board separately, no appeal will lie where these two matters are combined in one proceeding.

But we need not depend upon this fundamental principle. We find no ambiguity in section 273. The criterion there adopted is the amount "shown" by the return. Conceding that where a claim for abatement as of right is filed with the return, either as to the entire tax or a part of it, only the excess over the amount covered by the claim for abatement may rightly be considered as "shown" by the return, we still have at the time the return is made a definitely ascertainable figure representing the tax "shown" by the return. This amount may be zero, but in every such case an inspection of the return and the claim as one document will advise the Commissioner what the amount of the tax will be if the claim be allowed. We consider the possibility of such definite ascertainment implicit in the statutory definition of a deficiency above quoted.

In granting special relief under sections 327 and 328, on the other hand, no such definite ascertainment is possible. The ultimate tax must be determined under these sections by a comparison of the position of the taxpayer with that of other representative corporations engaged in a like or similar trade or business. The fact that the tax is high is not alone enough, and it does not follow that even after an adequate survey of the particular trade or business all the corporations therein engaged will not be required to pay at that high rate. Certainly none can be relieved unless an inequality of tax burden appears. Cf. Williamsport Wire Rope Co. v. U. S., 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985. It follows that the "amount shown as the tax by the taxpayer upon his return" can only be construed as meaning the amount of the tax there shown as computed without the benefit of sections 327 and 328. So construed, an application of the definition to the present case discloses no deficiency assessment, and the appeal was properly dismissed by the Board for want of jurisdiction. Cf. Fort Pitt Spring & Mfg. Co. v. Commissioner of Internal Revenue, 5 B. T. A. 1106; Pioneer Box Co. v. Commissioner of Internal Revenue, 8 B. T. A. 488.

**Affirmed.**

---

[1] Appeal of Continental Accounting & Audit Co., 2 B. T. A. 761; Appeals of John Moir et al., 3 B. T. A. 21; Powell Coal Co. v. Commissioner, 12 B. T. A. 492; Lehmann v. Commissioner, 21 B. T. A. 664.