**CLARK v. UNITED STATES.**

No. 5698.

District Court, D. New Jersey.

May 24, 1939.

Lindabury, Depue & Faulks, of Newark, N. J. (James E. M. Tams, of Newark, N. J.; and Ferdinand Tannenbaum, of New York City, of Counsel), for plaintiffs.

John J. Quinn, U.S. Atty., Thorn Lord, Asst. U.S. Atty., both of Trenton, N.J., and Lester L. Gibson, Sp. Asst. to Atty. Gen., for the Government.

FORMAN, District Judge.

The facts have been submitted upon stipulation, and the pertinent portions therein disclose that plaintiff, executrix of the estate of J. William Clark, who died July 15, 1928, has paid to the federal gov-

ernment $929,660.39 [1] on account of estate taxes and interest thereon.

The following figures show a comparison of the amounts disclosed by the return of the executrix with the amounts finally determined by the Commissioner of Internal Revenue, and the difference between the two:

| As shown in return | As finally determined by Commissioner | Difference |
|---|---|---|
| Total Estate Tax Shown in Return ........... $2,092,837.76 | $2,122,578.12 | $ 29,740.36 |
| Credit[2] ........... 1,674,270.21 | 1,236,280.87 | 437,989.34 |
| Net Tax Payable $ 418,567.55 | $ 886,297.25 | 467,729.70 |

There was, therefore, paid $43,363.14 ($929,660.39 minus $886,297.25) in excess of the amount claimed by the government. Plaintiff, accordingly, filed a claim for refund which has been allowed in part. Of the portion withheld, plaintiff claims the sum of $10,320.22 was erroneously computed as interest, and brings this suit to recover that sum.

The Commissioner computed the interest on an alleged deficiency tax of $467,729.70 at the rate of six per cent. per annum from one year after the date of the decedent's death to the various dates of payment. Plaintiff contends that he should have charged interest based upon $29,740.36, the difference between the total tax shown on plaintiff's return and the total tax as finally determined. In the event the contentions of plaintiff are sustained, defendant asserts a counterclaim in recoupment.

The disposition of this case depends solely upon which sum is the true deficiency, $29,740.36 or $467,729.70.

The statutory definition of a "deficiency" is as follows:

"As used in this subchapter, in respect of the tax imposed by this subchapter the term 'deficiency' means—

"(1) The amount by which the tax imposed by this subchapter exceeds the amount shown as the tax by the executor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax; or

"(2) * * *." 26 U.S.C.A. § 470.

Plaintiff draws an analogy between the credit to which she is entitled and that which formerly existed with respect to the application of the provisions of Sections 327 and 328 of the Revenue Act of 1918, (40 Stat. 1093), granting relief by way of special credits on account of the extraordinary economic conditions produced by the World War. In the case of Jackson Iron & Steel Co. v. Commissioner of Internal Revenue, 6 Cir., 54 F.2d 861, certiorari denied, 286 U.S. 549, 52 S.Ct. 501, 76 L.Ed. 1285, plaintiff's return showed taxes payable in the sum of $235,646.33 in the event that special relief under Sections 327 and 328 was not granted, and taxes due in the sum of $171,846.14 if such relief was granted. The Commissioner made a final determination of tax liability in the amount of $221,973.35, which was $50,127.21 more than the amount admitted to be due in the application for special relief, but $13,672.93 less than the amount shown on the face of the return. Since the amount determined by the Commissioner exceeded plaintiff's calculation based upon the hypothesis that special relief would be granted, plaintiff endeavored to establish the difference between $221,973.35 and $171,846.14 as a deficiency.

In holding that there was no deficiency the court stated:

"Section 273 of the Revenue Act of 1926 (26 U.S.C.A. § 1047 [now section 271]) defines a deficiency, in respect of a tax imposed, as: 'The amount by which the tax imposed by this chapter exceeds *the amount shown as the tax by the taxpayer upon his return.*' (Italics ours.) The petitioner presents an ingenious argument that 'the amount shown' must be

---

[1] Payments were made as follows:

| | |
|---|---|
| December 28, 1929 (A six months extension had been granted.)........ | $323,000.00 |
| January 14, 1930...................... | 245,567.55 |
| March 15, 1930........................ | 300,000.00 |
| May 24, 1930.......................... | 57,252.76 |
| July 3, 1930.......................... | 3,609.90 |
| September 15, 1931.................... | 230.18 |
| Total Cash Payments........... | $929,660.39 |

[2] For estate, inheritance, legacy or succession taxes due the various states. Inasmuch as these taxes had not been assessed and paid at the time of the plaintiff's return to the federal government the sum represents only an approximation.

construed as identical with 'the amount admitted by the taxpayer to be due,' and that the mere filling of blanks is not an admission of tax due when there is annexed to and made part of the return a protest that liability is denied, and a number of cases are cited where it is said the Board of Tax Appeals has so construed this section.

"We think that the distinction between those cases and the instant one lies in the fact that there, in each instance, complete exemption or immunity from taxation under the applicable law and in respect of the income shown was claimed by the petitioner. Here the liability of petitioner to taxation is conceded, and the amount of the tax 'shown by the return,' subject only to adjustments or abatement, must likewise be conceded as correct and collectible unless special relief were granted under sections 327 and 328. There is a radical difference between a complete denial of all right to tax, and a petition to the sovereign not under claim of absolute right, but invoking the exercise of a discretionary power in the interest of equality of tax burden. In the one case there is no admission of any tax due; in the other, the taxpayer does admit primary liability for the amount of the tax shown, or for that tax which may be correctly computed from the other items shown, and seeks to be relieved of the admitted burden. Maas & Waldstein Co. v. United States, 283 U.S. 583, 588, 51 S.Ct. 606, 75 L.Ed. 1285. * * *

"We find no ambiguity in section 273. The criterion there adopted is the amount 'shown' by the return. Conceding that where a claim for abatement as of right is filed with the return, either as to the entire tax or a part of it, only the excess over the amount covered by the claim for abatement may rightly be considered as 'shown' by the return, we still have at the time the return is made a definitely ascertainable figure representing the tax 'shown' by the return. This amount may be zero, but in every such case an inspection of the return and the claim as one document will advise the Commissioner what the amount of the tax will be if the claim be allowed. We consider the possibility of such definite ascertainment implicit in the statutory definition of a deficiency above quoted.

"In granting special relief under sections 327 and 328, on the other hand, no such definite ascertainment is possible. The ultimate tax must be determined under these sections by a comparison of the position of the taxpayer with that of other representative corporations engaged in a like or similar trade or business. * * * It follows that the 'amount shown as the tax by the taxpayer upon his return' can only be construed as meaning the amount of the tax there shown as computed without the benefit of sections 327 and 328. So construed, an application of the definition to the present case discloses no deficiency assessment, and the appeal was properly dismissed by the Board for want of jurisdiction. * * *" 54 F.2d 861, 862.

The above case does not support plaintiff's contention, because the facts therein presented are distinguishable from the facts presented herein. There the petitioner was claiming a credit as a matter of grace, and not of right, and the amount of the credit sought was unascertainable until after the return was filed. Here, the plaintiff is entitled to a credit for estate, inheritance, legacy or succession taxes paid the various states as a matter of right, and the amount of such credit does not vary proportionately with the latitude of the Collector's discretion, but is ascertained by fixed mathematical formulae.

As an additional support plaintiff alludes to the statutory definition of a deficiency, the "amount by which the tax *imposed* by this subchapter exceeds the amount *shown* as the tax by the executor upon his return", 26 U.S.C.A. § 470(1), in connection with the statute imposing the tax, a "tax * * * shall be *imposed* upon the transfer of the net estate * * *", 26 U.S.C.A. § 460 (italics supplied). It is now argued that the tax is *imposed* irrespective of whether there are any credits allowable, and that the tax which is *imposed* constitutes the basis for determining the deficiency. With this the court cannot agree on principle or authority. This same contention was adversely disposed of in the case of Morsman v. Commissioner, 13 B.T.A. 415, in the following language: "Section 301 (a) of the Revenue Act of 1924, as amended by section 322 of the Revenue Act of 1926 [26 U.S.C.A. § 410 note], specifically provides for the imposition of a tax equal to the sum of certain percentages of the value of the net estate determined as provided in section 303 of the same Act. Section 303 provides that the net estate of a resident de-

cedent shall be determined by deducting from the value of the gross estate the amounts authorized by subdivisions 1, 2, 3, and 4 thereof. Section 301 (b) provides for the allowance of a credit for inheritance taxes paid to a State. We are of the opinion that section 301 (b) is a part of the provision for computing the tax due and not, as contended by the respondent, a method of satisfying the tax liability found. *The tax for which petitioner is liable is the amount remaining after the allowable credit for inheritance taxes paid to the state.*" 13 B.T.A. 415, 417

This court is of the opinion that the "deficiency" in this case is the difference between $418,567.55 and $886,297.25. This conclusion is in accord with the following language found in Appeal of Continental Accounting & Audit Co., 2 B.T.A. 761, 763: "The theory of section 273 is that a deficiency is the difference between the correct tax and (with adjustment for amounts previously assessed or collected) the amount admitted by the taxpayer on his return to be the correct tax (or zero if no return is filed.)".

Similar language is found in Appeals of John Moir et al. 3 B.T.A. 21, 22 to this effect: "The Commissioner's position in this plea is that the taxpayers have been assessed on the basis of the tax shown upon the taxpayers' returns, and that a deficiency is only an amount of tax determined by him to be due in excess of that shown on the taxpayer's return. This is true in the ordinary case, but in cases in which the taxpayer shows an amount of tax upon his return but does not admit that that amount of tax is due and collectible, *it is the amount which he admits to be due and not the amount which appears upon the face of his return which is deemed the starting point in the computation of a deficiency.*" (Italics supplied)

Herein, plaintiff never admitted that the sum of $2,092,837.76 was due and collectible, because this sum included monies due the various states. Plaintiff only admitted that $418,567.55 was due and this sum is the "starting point in the computation of a deficiency".

Accordingly, judgment in favor of the defendant of no cause for action upon the part of the plaintiff will be entered. Since defendant's counterclaim is asserted in the alternative only in the event that the complaint of plaintiff is sustained, it becomes nugatory and should be dismissed.