## SUNNY BROOK DISTILLERY CO. v. UNITED STATES.

### No. L-515.

Court of Claims.
April 13, 1931.

WILLIAMS and WHALEY, JJ., dissenting.

Levi Cooke, of Washington, D. C. (Cooke & Beneman, of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The petition alleges, in substance, that the plaintiff is a corporation, and, being the owner of a certain number of cases of distilled spirits which it had produced on its premises, paid taxes thereon at the rate of $6.40 per proof gallon in the year 1919; that Congress, by an act approved February 11, 1925 (43 Stat. 860 [26 USCA § 150]), authorized the Commissioner of Internal Revenue to refund all taxes paid by the plaintiff in excess of $2.20 per proof gallon on such distilled spirits; that plaintiff filed claims for refund of said tax pursuant to the said act; and that the Commissioner of Internal Revenue allowed said refund claims in the amount that had been paid in excess of $2.20 per proof gallon (with certain small deductions not disputed by plaintiff and not necessary to be mentioned here), but refused to allow plaintiff interest on the amount allowed from the dates of the payment of the taxes to the date of the allowance of the said refund, such interest amounting to $46,923.23.

The defendant demurs to the petition on the ground that it does not state a cause of action, and the issue arising on the demurrer is whether the ruling of the commissioner in refusing to allow interest was correct.

The Revenue Act of 1924, §§ 1011, 1019, 43 Stat. 253, 342 (26 USCA § 149, and § 153 note), provided:

"Sec. 1011. Section 3220 of the Revised Statutes, as amended, is re-enacted without change, as follows:

" 'The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected. * * * ' "

"Sec. 1019. Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, or of any penalty collected without authority, or of any sum which was excessive or in any manner wrongfully collected, interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax,

penalty, or sum was paid to the date of the allowance of the refund. * * * * "

The Act of Congress approved February 11, 1925, 43 Stat. 860, chap. 208 (26 USCA § 150), provided:

"That the Commissioner of Internal Revenue may, pursuant to the provisions of section 3220, Revised Statutes, as amended, allow the claim of any distiller for the refund of taxes paid in excess of $2.20 per proof gallon on any distilled spirits produced and now owned by him and stored on the premises of the distillery where produced. * * * "

The Revenue Act of 1926, § 1116(a), 44 Stat. 9 (26 USCA § 153 note), provided:

"Sec. 1116(a). Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, or of any penalty collected without authority, or of any sum which was excessive or in any manner wrongfully collected, interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, penalty, or sum was paid to the date of the allowance of the refund. * * * * "

The Revenue Act of 1928 provided in section 614(a), 26 USCA § 2614(a):

"Sec. 614(a). Interest shall be allowed and paid upon any overpayment in respect of any internal-revenue tax, at the rate of 6 per centum per annum. * * * * "

It is argued on behalf of the defendant that neither section 1019 of the act of 1924, section 1116 of the act of 1926, nor section 614 of the act of 1928, provided for the allowance of interest in such a case as the one now before the court, and we think it must be conceded that these statutory provisions standing alone would not entitle the plaintiff to the interest which it seeks to recover. It is plain that the original payment of the taxes included no "overpayment," as required by the act of 1928, nor were the taxes so paid "erroneously or illegally assessed or collected, * * * or in any manner wrongfully collected," as required in section 1019 of the act of 1924 and section 1116 of the act of 1926. The only specification of the act of 1926 which could possibly be construed as having any application is found in the word "excessive," as applied to the tax. But we think it equally clear that this word did not in any way refer to matters which pertained to the propriety or equity of the tax, but simply to the question of whether or not it exceeded the amount which could be legally collected. Moreover, the language

used in these two sections with reference to cases where interest can be allowed is substantially the same as the language of section 1011 of the act of 1924, amending section 3220 of the Revised Statutes, and prescribing conditions under which refunds could be allowed. Evidently Congress considered that the provisions of the section last referred to were not sufficient to authorize a refund in a case like the one at bar, and consequently the provision under which the refund herein was granted was enacted. In other words, Congress did not consider that the circumstances of the instant case were included in any of the specifications of section 1011 of the act of 1924, and not being included therein the case does not come under the provisions of section 1116 of the act of 1926 or section 1019 of the act of 1924.

It is contended, however, on the part of the plaintiff that by the terms of the act of February 11, 1925, which provided for the refund granted in this case, section 1116 of the Revenue Act of 1926, providing for interest, becomes applicable. Attention is called to the fact that the act of 1925 states that the refund may be made "pursuant to the provisions of section 3220, Revised Statutes, as amended," and it is said that this language has brought the taxes herein involved within the scope of the interest allowance provided in the Revenue Act of 1924 and subsequent acts.

It is quite true that when a refund is allowed under the provisions of section 3220, as amended, interest is also allowed under the provisions of section 1019 of the act of 1924 or of section 1116 of the act of 1926, but this is because the requirements for the allowance of interest under these sections are the same as the requirements for the allowance of a refund under section 3220, and not because the sections providing for interest made any reference to the section providing for refunds. We do not think the language last above quoted can be construed to mean that a case like the one at bar should be held to be included within the provisions of section 3220. This would be doing too much violence to the language of that section which, as we have already shown, was not considered by Congress to include a case of the nature that we are now considering. The words "pursuant to the provisions of section 3220" mean, as we think, that the case should be treated by the Commissioner as if the provisions of section 3220 were applicable, but this does not lead us to the conclusion that the provisions of section 1019 of the act of 1924 or of section 1116 of the Revenue Act of 1926 were applicable also, espe-

cially when it is considered, as shown above, that their terms and specifications exclude a case like the one at bar.

It is said that if this construction is applied, the words "pursuant to the provisions of section 3220" might as well have been left out, but this is not quite correct, as under section 3220 the commissioner was not only authorized to allow the claim for refund (which is all that the act of 1925 provided for), but also was authorized to pay back the taxes wrongfully collected.

Whatever may have been the application of the act of 1925 to section 1011 of the act of 1924, amending section 3220 of the Revised Statutes, we think it could have had no application to the statutory provisions with reference to interest. If these provisions with reference to interest had been contained in section 1011 above referred to, the argument would have had much more force, but they were in a different section, or in entirely different acts, and even if the act of 1925 can be said to have the effect to amend section 3220 (included in section 1011 of the act of 1924), we do not think it can be held to amend any of these provisions in other sections and other acts with reference to interest. The terms and specifications of the statutes with reference to interest still stand and are of such a nature as to exclude the claim of plaintiff made herein. We are therefore of the opinion that the act of 1925 in no way brought plaintiff's claim within the requirements made for the allowance of interest.

It follows that the demurrer must be sustained and the petition dismissed. It is so ordered.

BOOTH, Chief Justice, concurs.

LITTLETON, Judge (concurring).

Section 600 (a), title 6, of the Revenue Act of 1918, approved February 24, 1919 (40 Stat. 1105 [26 USCA § 245 note] provided: "That there shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, except such distilled spirits as are subject to the tax provided in section 604, in lieu of the internal-revenue taxes now imposed thereon by law, a tax of $2.20 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon, or wine gallon when below proof, and a proportionate tax at a like rate on all fraction-

al parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law."

The plaintiff corporation was engaged in the business as a distiller of alcoholic liquors with principal office at Louisville, Ky., and was liable to the tax imposed as above mentioned. It was required to make returns and pay the tax in question, and was liable to the penalty of $1,000 provided in section 1308(a) of the aforementioned act (26 USCA § 1270) for failure to make a return required by law or regulation. It was further liable under section 1308(b) to a fine of not more than $10,000 or imprisonment for not more than one year, or both, for willfully refusing to pay any such tax, make such return, or supply such information at the time or times required by law or regulation, or for any willful attempt in any manner to evade such tax. Under subdivision (c) of the same section, plaintiff was liable to a further penalty equal to the amount of the tax evaded or to the penalties provided in sections 3176 and 3256 of the Revised Statutes (26 USCA §§ 97, 98, 260).

In 1919 plaintiff owned and had stored on its premises, in accordance with law, 6,455 cases of distilled spirits which had theretofore been produced by the plaintiff, as the distiller thereof, containing 19,220.4 proof gallons, upon which it was liable under the aforementioned section 600(a), to a tax at the rate of $6.40 per proof gallon. The tax so imposed on said distilled spirits was duly returned and paid by plaintiff during the months of March, April, May, and June, 1919, in the amount of $123,010.56.

On February 11, 1925, an act of Congress, 43 Stat. 860, quoted in part in the foregoing opinion, authorized the Commissioner of Internal Revenue, pursuant to the provisions of section 3220 of the Revised Statutes as amended, to allow the claim of any distiller for the refund of taxes paid in excess of $2.20 per proof gallon on any distilled spirits produced and owned by him and stored on the premises of the distillery where produced. In February, 1925, plaintiff made claim upon the Commissioner of Internal Revenue for the refund of the tax paid on the 19,220.4 proof gallons of spirits in excess of $2.20 per proof gallon, said claim for refund being for $80,725.68, or such greater amount as might be legally refundable. July 13, 1925, the commissioner notified plaintiff that he had allowed the claim in the amount of $80,135.79 and rejected it in the amount of $589.89. That portion of the

claim disallowed resulted from leakage, breakage, etc., which reduced the total number of proof gallons on hand. No claim is made for the disallowed portion. Treasury check for $80,135.79 was received by plaintiff with the commissioner's notice of his action upon the claim.

On May 8, 1928, plaintiff owned 2,545 cases of distilled spirits which were then in a tax-paid warehouse operated in connection with and contiguous to an internal-revenue bonded warehouse upon the premises of plaintiff. The aforementioned cases contained 7,635 proof gallons of distilled spirits theretofore produced by the Associated Distilleries of Kentucky, a subsidiary of and owned by plaintiff. The tax of $6.40 per proof gallon imposed by section 600(a) of the Act of February 24, 1919, on the aforementioned 7,635 proof gallons had been duly returned and paid by the distiller thereof during the months of May and June, 1919, amounting to a total of $48,864.60.

On May 8, 1928, Congress passed another act, 45 Stat. 492, chap. 509 (26 USCA § 150a), providing: "That in addition to the authority contained in the Act entitled 'An Act to refund taxes paid on distilled spirits in certain cases,' approved February 11, 1925, the Commissioner of Internal Revenue may allow the claim of the owner (whether the distiller or his successor or other person) for the refund of taxes paid (whether by such owner or any other person) in excess of $2.20 per proof gallon on any domestic distilled spirits which are now in a tax-paid warehouse operated in connection with and contiguous to an internal-revenue bonded warehouse, if proof satisfactory to the Commissioner of Internal Revenue is furnished of the ownership and identity of the distilled spirits as to which the refund is claimed, and of the amount of tax paid thereon."

May 8, 1928, plaintiff made claim upon the commissioner for the refund of $32,067, or such greater amount as might be legally refundable, being the tax alleged to have been paid on the 7,635 proof gallons of distilled spirits in excess of $2.20 per proof gallon. August 9, 1928, the commissioner notified plaintiff that he had allowed the claim for $31,903.83 and had rejected it in the amount of $163.17, the latter amount being that portion of the claim relating to the quantity of distilled spirits missing. Plaintiff received treasury check for $31,903.83. No question is raised as to that portion of the claim which the commissioner rejected.

Section 3220 of the Revised Statutes, as

amended by section 1011 of the Revenue act of 1924 (26 USCA § 149), and section 1111 of the Revenue Act of 1926 (26 USCA § 149), authorized the commissioner, subject to regulations prescribed by .the Secretary of the Treasury, to refund and pay back all taxes erroneously or illegally assessed or collected, .all penalties collected without authority, and all taxes unjustly assessed or excessive in amount, or in any manner wrongfully collected. The provisions of law with reference to the payment of interest upon taxes refunded at the time both of the aforementioned acts of Congress of 1925 and 1928 became effective were contained in section 1019 of the Revenue Act of, 1924 and section 1116 of the Revenue Act of 1926, which provided for the payment of interest upon the refund of any internal-revenue tax erroneously or illegally assessed or collected, or of any penalty collected without authority, or of any sum which was excessive or in any manner wrongfully collected.

The reference in the Act of February 11, 1925, authorizing the commissioner to allow the claim of any distiller for a refund of taxes paid in excess of a certain amount, to the provisions of section 3220 of the Revised Statutes was for the purpose of making it certain that in the preparation, presentation, and investigation of the claim the Commissioner of Internal Revenue should have authority to proceed as in other claims for the refund of taxes in accordance with regulations duly made. In other words, Congress recognized that there already existed under section 3220 an established practice in the Treasury Department with reference to the preparation and presentation of claims for refund and with reference to investigations and hearings thereon, and the commissioner was authorized to follow the provisions of section 3220 relating to refunds of all taxes in allowing the claim of any distiller for the refund of the taxes authorized in the acts of 1925 and 1928. The amount of tax which Congress by the acts of 1925 and 1928 authorized the commissioner to refund was a tax levied by Congress, legally collected, and was not excessive in amount. From the time the tax became due under the statute, it belonged to the United States and at no time after it was paid was it wrongfully withheld. The government was at no time using funds that belonged to the plaintiff. The underlying purpose of the allowance of interest upon a refund of a tax is that the government has collected from the taxpayer amounts in excess of those authorized by the taxing acts and has had the use of money that did not belong to it. The reason for the allowance of interest did not exist in respect of the tax in question and in the absence of specific authorization for the payment of interest upon the refund of amounts which had been legally collected and at all times belonged to the United States, we should not read into the two acts in question the general provisions of law with reference to the payment of interest upon a tax erroneously or illegally assessed or collected. Prior to the Revenue Act of 1921, approved November 23, 1921 (42 Stat. 227), no interest was payable upon taxes overpaid and refunded. By that act interest on overpayments was allowed under certain conditions. The Revenue Act of 1924, 43 Stat. 253, in section 1019 (26 USCA § 153 note), contained a provision for the payment of interest from the date of overpayment to the date of allowance of refund. The Revenue Act of 1926, 44 Stat. 9, in section 1116 (26 USCA § 153 note), again restricted the allowance of interest upon refunds and credits by paying interest upon amounts wrongfully withheld by the government during the time when the taxpayer was not indebted to the government for a like amount and also shortened the period during which the taxpayer could receive interest upon a claim. See Riverside & Dan River Cotton Mills v. United States, 37 F.(2d) 965, 69 Ct. Cl. 70, and George U. Hind v. United States, 41 F. (2d) 892, 70 Ct. Cl. 288. Section 614 of the Revenue Act of 1928, approved May 29, 1928 (26 USCA § 153 note; § 2614 and note), continued the provisions of the 1926 act with reference to the payment of interest on credits and refunds but changed the date to which interest on a refund should be paid from the date of the allowance thereof to a date preceding the date of the refund check by not more than thirty days. By reason of the changes in the interest provisions, subdivision (c) of section 1116 of the Revenue Act of 1926 made that section applicable to any refund paid and to any credit taken on or after the date of the enactment of that act even though such refund or credit was allowed prior to such date, and subdivision (d) of section 614 of the Revenue Act of 1928 contained a similar provision with reference to the provisions of that section. Subdivision (c) of the 1926 act and subdivision (d) of the 1928 act have no bearing on the question here. They were inserted to guard against the computation of interest under a prior statute because of certain action taken by the Commissioner of Internal Revenue. George U. Hind v. U. S., supra.

The United States is not liable for interest except by its consent. The allowance of interest against the government is a matter of grace, manifestly restrictive, is never to be presumed, and should not be allowed unless clearly and specifically authorized. We may not, therefore, presume that Congress in authorizing the refund of a portion of a tax duly imposed and legally collected by a special act which makes no mention of interest, intended that other provisions of law for the payment of interest upon taxes erroneously and illegally collected and wrongfully withheld should apply. Neither may we read into the special acts of 1925 and 1928 for the benefit of distillers the general-interest provisions with respect to illegal collections merely because such special acts refer to section 3220, Revised Statutes, as the authority by which the commissioner may allow the refund.

Congress authorized the commissioner to follow the provisions of section 3220 in allowing the claim for a refund of a portion of a tax paid on distilled spirits on hand at the date of the enactment of those acts. The fact that he was authorized to proceed in conformity with section 3220 indicates that Congress recognized that in authorizing the repayment of a portion of the tax in question it was making an exception to the general rule with reference to refunding taxes, and it inserted the words "pursuant to the provisions of section 3220, Revised Statutes, as amended," to permit the commissioner to invoke the provisions of that section and no other, in connection with whatever action he might take in considering and allowing the claim. If we read into the acts of 1925 and 1928 the general-interest provisions of the internal revenue laws, it would seem that we would also be compelled to read into those acts the limitation provisions as well, for no exception in this regard was made. In that event the refunds upon which interest is here claimed were barred and therefore illegal.

I am of opinion that Congress simply intended to return to distillers the difference between the tax of $6.40 per gallon levied and collected upon liquor withdrawn and held for sale for beverage purposes, and the lesser tax of $2.20 levied and collected upon liquor held in bond and not yet withdrawn for beverage purposes or for the manufacture of any article used or intended for use as a beverage, *without interest thereon.* The reason for the return of a portion of the tax levied, assessed, and paid was because the liquor upon which levied and collected could not, because of the eighteenth amendment to the Constitution, be sold for beverage purposes. It was purely a voluntary act, and we may not assume that Congress intended to return more money than it specifically authorized.

WILLIAMS, Judge (dissenting).

I think the plaintiff's petition states a cause of action and that the demurrer thereto should be overruled.

The plaintiff sues to recover interest on two refunds of internal-revenue taxes made to it by the Commissioner of Internal Revenue as follows:

(1) A refund of $80,135.79 made pursuant to an Act of Congress of February 11, 1925 (43 Stat. 860, c. 208 [26 USCA § 150]); and

(2) A refund of $31,903.83 made pursuant to an Act of Congress approved May 8, 1928 (45 Stat. 492, c. 509 [26 USCA § 150a]).

The Act of February 11, 1925, under the provisions of which the first refund was made reads as follows: "That the Commissioner of Internal Revenue may, pursuant to the provisions of section 3220, Revised Statutes, as amended, allow the claim of any distiller for the refund of taxes paid in excess of $2.20 per proof gallon on any distilled spirits produced and now owned by him and stored on the premises of the distillery where produced. * * * "

The Act of May 8, 1928, under which the second refund was made reads as follows: "That in addition to the authority contained in the Act entitled 'An Act to refund taxes paid on distilled spirits in certain cases,' approved February 11, 1925, the Commissioner of Internal Revenue may allow the claim of the owner (whether the distiller or his successor or other person) for the refund of taxes paid (whether by such owner or any other person) in excess of $2.20 per proof gallon on any domestic distilled spirits which are now in a tax-paid warehouse. * * * "

It is stated in the majority opinion that when a refund is allowed under the provisions of section 3220 of the Revised Statutes, as amended, interest is also allowed under the provisions of section 1019 of the act of 1924 or of section 1116(a) of the act of 1926, for the reason that the requirements for the allowance of interest under these sections are the same as the requirements for the allowance of a refund under section 3220.

I think the act of February 11, 1925, authorizing the Commissioner of Internal Revenue to refund the taxes in question "pur-

suant to section 3220, Revised Statutes, as amended," brings the taxes herein involved with the scope of the interest allowance provided in section 1019 of the Revenue Act of 1924 and section 1116(a) of the Revenue Act of 1926. To hold otherwise renders the language "pursuant to the provisions of section 3220, Revised Statutes, as amended," of the Act of February 11, 1925, absolutely meaningless. To deny the plaintiff interest on the refund herein, the court, it seems to me, is required to delete this language entirely from the context of the act.

Under a universally accepted rule of statutory construction, courts are required to give all the words used in a statute their proper signification and effect. United States v. Lexington Mill & Elevator Co., 232 U. S. 399, 34 S. Ct. 337, 58 L. Ed. 658, L. R. A. 1915B, 774.

The Legislature is presumed to have used no superfluous words. Platt v. Union P. R. Co., 99 U. S. 48, 25 L. Ed. 424.

The rule is that a statute ought to be so construed that if possible no clause, sentence, or word shall be superfluous, void, or insignificant. Montclair Twp. v. Ramsdell, 107 U. S. 147, 2 S. Ct. 391, 27 L. Ed. 431.

The majority opinion says "the words 'pursuant to the provisions of section 3220' mean, as we think, that the case should be treated by the Commissioner as if the provisions of section 3220 were applicable, but this does not lead us to the conclusion that the provisions of section 1019 of the act of 1924 or of section 1116 of the Revenue Act of 1926 were applicable also, especially when it is considered, as shown above, that their terms and specifications excluded a case like the one at bar."

I am unable to see how the commissioner could make the refund "as if the provisions of section 3220 were applicable" without the allowance of interest when it is conceded, as it must be conceded, that a refund of taxes made under the provisions of the said section carry interest. It is my opinion the words "pursuant to section 3220, Revised Statutes, as amended," unless they be regarded as superfluous and be given no effect whatever, required the Commissioner of Internal Revenue to make the refund in the same manner as refunds are made of taxes "erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected. * * * "

In other words Congress intended, in the use of the words "pursuant to the provisions of section 3220," that the taxes to be refunded should, for the purposes of the refund, be regarded as of the type of taxes enumerated in section 3220. Otherwise, there was obviously no reason for referring to section 3220. The action of the commissioner in making the refund without the allowance of interest was precisely what his action would necessarily have been had the words "pursuant to the provisions of section 3220" been entirely omitted from the Act of February 11, 1925.

The Act of May 8, 1928, provides that in addition to the refund provided for in the Act of Congress approved February 11, 1925, refund shall be made of taxes paid in excess of $2.20 per proof gallon on distilled spirits therein described. The refund in the instant case, made pursuant to the aforesaid Act of May 8, 1928, was paid on August 9, 1928. At the time that refund was paid subsection (a) of section 614 of the Revenue Act of 1928 (45 Stat. 791, 26 USCA § 2614 (a) (2) was effective. That section provides that—

"Interest shall be allowed and paid upon any overpayment in respect of any internal-revenue tax, at the rate of 6 per centum per annum, as follows: * * *

"(2) In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than 30 days, such date to be determined by the Commissioner."

Subsection (d) of section 614 of the Revenue Act of 1928 (26 USCA § 153 note) provides that: "Subsections (a), (b), and (c) shall take effect on the expiration of thirty days after the enactment of this Act, and shall be applicable to any credit taken or refund paid after the expiration of such period, even though allowed prior thereto."

Therefore, a refund of internal revenue taxes paid after June 29, 1928, is a refund on which interest shall be allowed and paid as provided in section 614(a) of the Revenue Act of 1928. The act does not provide that interest is to be paid on refunds made pursuant thereto, but provides for the payment of interest on "any credit taken or refund paid" after said act became effective.

For the reasons stated, I think the action of the Commissioner of Internal Revenue in denying interest on the two refunds was erroneous and that the demurrer filed by the defendant herein should be overruled.

WHALEY, Judge, concurs in this opinion.