**PEARSON v. UNITED STATES.**

No. 41837.

Court of Claims.

June 1, 1936.

Russell L. Bradford, of New York City (Taylor, Blanc, Capron & Marsh and George H. Craven, all of New York City, on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The only question in this case is whether section 325 of the Revenue Act of 1926 (44 Stat. 87) is applicable to the overpayment of $321,933.63 in respect of tax paid by the estate of Frederick F. Ayer. That section provides as follows: "Any tax that has been paid under the provisions of Title III of the Revenue Act of 1924 prior to the enactment of this Act in excess of the tax imposed by such title as amended

by this Act shall be refunded without interest."

June 8, 1925, the estate of Ayer filed a return showing an estate tax of $2,370,-953.38 computed in accordance with the provisions of the Revenue Act of 1924, against which tax a credit of $592,738.32, on account of estate and inheritance taxes paid to the state of New York, was claimed as provided in the 1924 Act. The difference of $1,778,215.06 between the tax shown on the return and the credit mentioned was paid June 8, 1925. The Commissioner audited the return after the enactment of the Revenue Act of 1926 and determined an estate tax of $1,808,758.54 computed in accordance with the provisions of the Revenue Act of 1926. In this determination the Commissioner, not being satisfied with the proof as to payment of the New York inheritance tax, did not allow the claimed credit therefor. After some controversy the difference of $30,553.-78 between the tax determined by the Commissioner and that previously paid by the estate was paid on March 1, 1929, with interest of $13,491.98, or a total additional payment of $44,135.76. In 1931 the estate submitted to the Commissioner satisfactory proof as to the payment of the New York inheritance tax and during that year the Commissioner determined an estate tax liability of $1,356,569.13, which determination was likewise made pursuant to the Revenue Act of 1926. The computation resulting in this tax liability differed from the previous determination of the Commissioner only in that a credit of $452,189.71 was allowed for New York inheritance tax to the extent of 25 per cent. of the gross federal estate tax determined. In other words, a gross federal tax of $1,808,758.84 was computed pursuant to the Revenue Act of 1926, a credit of $452,189.71 was allowed, and a net·federal estate tax liability of $1,356,569.13 was determined. Inasmuch as $1,822,350.82 had previously been paid, there was shown an overpayment of $465,-781.69. As a result of this determination, the Commissioner refunded the additional payment of tax and interest of $44,135.76 which had been made March 1, 1929, but refused to refund the balance of $421,-645.93 on the ground that it was barred by the statute of limitation. It is now agreed that the Commissioner was in error in holding that the refund of the overpayment was barred. However, in the presentation of proof in this proceeding, it appeared that certain assets had been omitted from the gross estate in the original return filed by the estate and by the Commissioner in his determinations. As a result of the inclusion of these additional assets the parties now agree that the correct overpayment is $321,933.63 and that plaintiff is entitled to judgment for that amount. This leaves for consideration only the question whether, in view of the provisions of section 325 of the Revenue Act of 1926 hereinbefore quoted, plaintiff is entitled to interest on this overpayment from the date of payment on June 8, 1925.

We think it is clear from the facts recited above that section 325 is applicable to the overpayment, and accordingly no interest may be allowed. The tax paid by the estate prior to the enactment of the Revenue Act of 1926 was $1,778,215.-06, exclusive of the additional payment made in 1929 after the passage of the Revenue Act of 1926, which has been refunded, and therefore must be disregarded in this case. The amount of $1,778,215.06 was computed and paid under the provisions of title 3 of the Revenue Act of 1924. The excess payment of $321,933.63, which is now to be refunded, is the difference between the above-mentioned amount of $1,-778,215.06 and the correct estate tax liability as computed under title 3 of the Revenue Act of 1926. This difference and more is accounted for by the fact that the rates prescribed by the Revenue Act of 1926 were used in the final computation, whereas the rates prescribed by the Revenue Act of 1924 were used in the computation of tax originally paid by the estate. While it is true that the Commissioner in his first determination did not allow any credit for New York inheritance tax, that a claim for refund was filed on the ground that such credit should be allowed, and that the overpayment was determined by the Commissioner after allowing the claimed credit, these facts do not make section 325 inapplicable. The Revenue Act of 1924 provided for the credit, and its allowance by the Commissioner was postponed merely because he was not satisfied with the proof submitted by the estate as to the payment thereof. When satisfactory proof had been furnished, the Commissioner allowed the proper credit resulting in the overpayment computed under title 3 of the Revenue Act of 1926. A computation of the correct tax at the rates prescribed by the Revenue Act of 1924 and

the allowance of the credit would not have produced an overpayment. The computation of the tax in the original return pursuant to the 1924 Act and the allowance of the credit, which was taken against the tax computed at those rates, produced the amount of tax which the estate paid and as a result of the omission of certain assets the correct net estate was greater than that shown in the return. From this it is clear that had the tax been computed under the Revenue Act of 1924 rather than the Act of 1926 a deficiency in tax rather than an overpayment would have resulted. In these circumstances it is clear, we think, that section 325 is applicable to the overpayment of $321,933.63, and that the allowance of interest thereon is specifically prohibited. Cf. Sunny Brook Distillery Co. v. United States, 48 F.(2d) 976, 72 Ct.Cl. 157.

Judgment accordingly will be entered in favor of plaintiff for $321,933.63, without interest. It is so ordered.