## PEARSON v. UNITED STATES. *
### No. 41837.

Court of Claims.
Jan. 11, 1937.

For former opinion, see 14 F.Supp. 1016.

Russell L. Bradford, of New York City (Taylor, Blanc, Capron & Marsh and George H. Craven, all of New York City, on the brief), for plaintiff.

John A. Rees, of Washington, D. C., Robert H. Jackson, Asst. Atty. Gen., and Robert N. Anderson and Fred K. Dyar,

*Writ of certiorari denied 57 S. Ct. 668, 81 L. Ed. ——.

Sp. Assts. to the Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff has filed a second motion for a new trial and additional findings of fact.

In the last sentence of finding 10 of the findings of fact promulgated by the court June 1, 1936, the amount "$485,327.-15" stated therein is changed to read $485,-427.15. This was a typographical error and does not change the amount of the tax involved nor the result reached in the opinion.

The motion for further amendments of facts is denied. Plaintiff's original argument and its argument in the first and second motion for a new trial are based, we think, upon the erroneous premise that section 325 of the Revenue Act of 1926, 44 Stat. 87, and, particularly, the words "tax imposed" relate only to a mathematical computation under the provisions of section 301 (a) of the Revenue Act of 1924 (43 Stat. 303 [26 U.S.C.A. § 410 note]), as retroactively amended by section 322 of the Revenue Act of 1926 (44 Stat. 85 [26 U.S.C.A. § 410 note]). In other words, plaintiff argued originally and still argues that the statutory credits, particularly the credit allowed by the statute for New York state inheritance taxes, which give rise to the controversy in this case, should be excluded from a computation of the "tax imposed" by the retroactive provisions of the Revenue Act of 1926. The express language of section 325 of the Revenue Act of 1926 specifies that the difference between the tax paid before "February 26, 1926" under title 3 of the Revenue Act of 1924 and the tax computed under that same title, as retroactively amended by the Revenue Act of 1926, which reduces the rates of tax, should be refunded without interest. This section, 325 of the Revenue Act of 1926, simply means, we think, that any sum paid as estate taxes to the United States under title 3 of the Revenue Act of 1924 before February 26, 1926, the date of the enactment of the Revenue Act of 1926, in excess of the tax imposed under the same provisions after they had been retroactively amended, so as to provide lower rates and less tax, should be refunded without interest. The credit provisions of section 301 (b) are an inseparable part of title 3 (43 Stat. 303) and must be considered in any computation of the "tax imposed" in determining the amount to be refunded without interest by reason of the reduction in rates. We cannot, therefore, concur in plaintiff's argument that the words "tax imposed" relate only to a computation under section 301 (a) of the Revenue Act of 1924 as amended without regard to subdivision (b) and that the credits allowed under subdivision (b) have nothing to do with the amount of tax imposed by the statute but relate only to the method of payment. Compare Morsman v. Commissioner of Internal Revenue, 13 B.T.A. 415.

The net tax paid under the Revenue Act of 1924 before the enactment of the Revenue Act of 1926 in the sum of $1,778,-215.06 was the tax paid under title 3 of the Revenue Act of 1924 prior to amendment. The tax exacted by the same title after its amendment by the Revenue Act of 1926 was $1,456,281.43. The admitted difference was $321,933.63, which, it seems clear to us, was required to be refunded in accordance with the judgment heretofore entered without interest. The second motion for a new trial is therefore overruled.