## DETROIT TRUST CO. v. UNITED STATES.

### No. 42068.

Court of Claims.
April 5, 1937.

Ralph W. Barbier, of Detroit, Mich. (Raymond H. Berry and Arthur L. Evely, both of Detroit, Mich., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The issues involved in this case, except as to one point, are governed by the decision of this court in Georges Edmond Phillippe Siegel v. United States (Ct.Cl.) 18 F.Supp. 771, decided this date. The point of difference results from the filing by the attorney for certain residuary legatees under the will of Julia C. McPherson of a claim for refund in 1928 which the Commissioner of Internal Revenue re-

jected December 11, 1928. We think this circumstance has no bearing upon the right of the Detroit Trust Company, plaintiff herein, as the original executor and as administrator de bonis non of the estate of Julia C. McPherson, to demand the refund of the overpayment resulting from the retroactive provisions of section 403 of the Revenue Act of 1921 continued in subsequent revenue acts, nor upon the timeliness of this suit by the Detroit Trust Company which suit was instituted within about a month after the Commissioner disallowed its claim and refused to refund to it the excess of the tax originally paid over that due under the provisions of section 403.

After allowing the estates of all decedents dying subsequent to September 8, 1916, a deduction from the gross estate of the value of property previously taxed within five years, paragraph (3) of subdivision (b) of section 403 of the Revenue Act of 1921 (42 Stat. 280) provided that in the case of any estate, in respect of which the tax had been paid, if necessary to allow the benefit of the deduction the tax should be redetermined and any excess tax paid should "be refunded to the executor." Section 400 of the estate tax title of the same (42 Stat. 277) and subsequent statutes (26 U.S.C. A. § 530) provided that the term "executor" means the executor or administrator of the decedent or, where there is no executor or administrator appointed, any person in actual or constructive possession of the property of the decedent. The plaintiff therefore, and not the residuary legatees, was the proper party to demand and receive the refund in question. The demand by plaintiff upon the Commissioner to return the tax to it as the authorized representative of the estate of Julia C. McPherson, and the person who had paid it, was not a mere duplicate of a demand previously made by certain residuary legatees of that estate. Plaintiff's demand was made in its own right and in accordance with the statute, and such demand was not barred at the time made. Upon the Commissioner's disallowance of plaintiff's demand and his refusal to make the refund to it in accordance with the command of the statute, plaintiff had two years under section 3226 of the Revised Statutes, as amended (Revenue Act 1924, § 1014 (a), 43 Stat. 343), within which to bring suit as the authorized and legal representative of the estate. Siegel v. United States, supra. This suit was instituted well within that time.

Judgment will accordingly be entered in favor of plaintiff for $35,491.36 with interest as provided by law. It is so ordered.