MORGAN et al. v. UNITED STATES.

No. 42535.

Court of Claims.

April 26, 1937.

William D. Whitney and Thomas F. Boyle, both of New York City (Richard H. Wilmer, of Washington, D. C., Joseph C. White and Cravath, de Gersdorff, Swaine & Wood, all of New York City, on the brief), for plaintiffs.

J. H. Sheppard, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Counsel for defendant contend that plaintiffs are not entitled to recover the unrefunded excess estate tax computed under section 322 of the Revenue Act of

1926 (26 U.S.C.A. § 410 note) for the reason that this suit was not instituted within six years after February 26, 1926, the date of the enactment of section 325 of the Revenue Act of 1926 (44 Stat. 87). This contention is without merit. Georges Edmond Phillippe Siegel and Andre Phillippe Oscar Siegel v. United States, 18 F.Supp. 771 and Detroit Trust Co., Administrator, v. United States, 18 F.Supp. 776, decided by this court April 5, 1937.

The claim of plaintiffs for interest on the overpayment of $281,700.34 is governed by the decision of this court in E. Pennington Pearson, Administrator of Estate of Frederick F. Ayer, v. United States, decided June 1, 1936, and January 11, 1937, 14 F.Supp. 1016, 17 F.Supp. 527, 83 Ct.Cl. 624, in which a similar claim for interest was denied.

At the time of the death of George F. Morgan the Revenue Act of 1924, which prescribed certain estate tax rates, was in effect. The executors filed an estate tax return showing a net estate of $6,300,811.30 and a total tax of $1,351,243.39. On this return the executors claimed a credit of $305,324.39 for state inheritance taxes, leaving a net federal estate tax liability of $1,045,919 which was paid in two instalments of $375,000 on December 30, 1925, and $670,919 on February 5, 1926. The net estate shown in this return was understated by $474,127.46. The federal estate tax reported on the return filed, computed under title 3 of the Revenue Act of 1924 prior to amendment by section 322 of the Revenue Act of 1926, was likewise understated. Upon the first audit of the return the Commissioner of Internal Revenue made certain adjustments, which included the disallowance of the credit claimed for state inheritance tax in the amount of $305,324.39, and found a net estate of $6,937,830.73. In determining this net estate the Commissioner increased the value of the gross estate from $6,857,750.24 to $7,169,252.55, an increase of $311,502.31. He decreased the deductions claimed from $556,938.94 to $231,421.82, a decrease of $325,517.12. These adjustments resulted in an increase in the net estate of $637,019.43. Upon this determination the Commissioner applied thereto the estate tax rates specified in section 322 of the Revenue Act of 1926, amending section 301 (a), Title 3, of the Revenue Act of 1924. Section 322 (a) of the Revenue Act of 1926 (26 U.

S.C.A. § 410 note) reduced the rates theretofore in effect under the Revenue Act of 1924. As a result, the Commissioner arrived at an overpayment of $16,852.85, which was refunded December 31, 1927, without interest. Thereafter the estate filed a claim for refund of $293,068.38 on the ground that it was entitled to a credit for state inheritance taxes and to certain deductions from the gross estate determined by the Commissioner. Thereafter certain evidence in support of the claim was submitted to the Commissioner and he made a reaudit of the estate tax return in connection with such evidence. In this final audit he adjusted the net estate from $6,937,830.73, as first determined, to $6,774,938.76, a decrease of $162,891.97, and an increase of $474,127.46 over the net estate of $6,300,811.30 as reported in the return. The tax computed on the correct net estate of $6,774,938.76, under title 3 of the Revenue Act of 1924 as amended by section 322 of the Revenue Act of 1926, was $996,487.75. From this tax the estate was entitled to deduct a credit for state inheritance tax paid of $249,121.94, leaving a net tax of $747,365.81 and resulting in a total excess payment of $298,553.19. Inasmuch as $16,852.85 has already been refunded, there exists at present an overpayment of $281,700.34.

Plaintiffs insist that the excess payment of $281,700.34 is due to adjustments in the net estate and to the credit for state inheritance taxes because the Commissioner in his final audit reduced the amount of the net estate determined by him in his original audit. It is therefore contended that the excess payment constitutes an ordinary refund and should bear interest. This contention fails to take into account the fact that the Commissioner in his final audit determined the correct net estate to be $474,127.46 in excess of the net estate reported in the return and also the fact that had not the estate tax rates originally provided in the Revenue Act of 1924 been lowered by section 322 of the Revenue Act of 1926 amending title 3 of the Revenue Act of 1924 a deficiency of $198,440.69 would have resulted which the estate, even after the allowance of the proper credit for state inheritance taxes paid, would have been called upon to pay instead of receiving a refund. The entire overpayment in question resulted from a compu-

tation of the tax under title 3 of the Revenue Act of 1924 and at the amended rates prescribed by section 322 of the Revenue Act of 1926. This is made clear in the following tabulation:

inally prescribed by title 3 of the Revenue Act of 1924 an overpayment under such title resulted after those rates were reduced by the Revenue Act of 1926. Section 325 of the Revenue Act of 1926

| | 1924 Act | | 1924 Act as amended by Section 322 of the 1926 Act |
| --- | --- | --- | --- |
| | Net estate returned and tax paid | Correct net estate and tax payable | |
| Net estate | $6,300,811.30 | $6,774,938.76 | $6,774,938.76 |
| Tax liability | 1,351,243.39 | 1,493,481.63 | 996,487.75 |
| Credit | 305,324.39 | 249,121.94 | 249,121.94 |
| Net tax | 1,045,919.00 | 1,244,359.69 | 747,365.81 |

RECAPITULATION

| | | | |
| --- | --- | --- | --- |
| Correct tax liability, 1924 Act | | $1,244,359.69 | |
| Tax paid | | 1,045,919.00 | |
| Deficiency | | 198,440.69 | |
| Tax paid | $1,045,919.00 | | |
| Tax (1924 Act as amended) | 747,365.81 | | |
| Excess | 298,553.19 | | |
| Refunded Dec. 31, 1927 | 16,852.85 | | |
| Net excess payment | 281,700.34 | | |

From the above it is clear that if the rates enacted in the Revenue Act of 1924 and in force at the time of the decedent's death, and at the time the tax was returned and paid, had not been amended and reduced by the Revenue Act of 1926 a deficiency of $198,444.69 under title 3 of the 1924 Act would have been assessed and collected instead of an overpayment of $298,553.19 being determined. In addition the facts show that if the estate had paid its tax upon the correct net estate at the rates prescribed in the Revenue Act of 1926, such tax would have been $71,119.12 in excess of the tax of $1,045,919 paid. Inasmuch, however, as the estate paid its tax at the rates orig-

specifically provided that any overpayment made under title 3 of the 1924 act by reason of the change in the estate tax rates prescribed in the Revenue Act of 1924 and that act, as amended by the Revenue Act of 1926, should be refunded without interest. It is clear that Congress intended that the difference between the correct tax liability computed under title 3 at the original 1924 rates and section 301 of that title as amended by section 322 of the 1926 act should constitute the excess referred to. Pearson v. United States, supra.

Judgment will be entered in favor of plaintiffs for $281,700.34 without interest. It is so ordered.