**PHILIP MORRIS & CO., Limited, Inc., to Use of GREAT AMERICAN INS. CO. et al. v. UNITED STATES.**

**No. 48744.**

United States Court of Claims.

Nov. 6, 1951.

Jaquelin A. Marshall, Washington, D. C., for plaintiff. Hugh H. Obear, Washington, D. C., and Sands, Marks & Sands, Richmond, Va., Douglas, Obear & Campbell, Washington, D. C., on the brief.

J. H. Sheppard, Washington, D. C., with whom was Asst. Atty. Gen., Theron Lamar Caudle, for defendant. Andrew D. Sharpe and A. F. Prescott, Washington, D. C., on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff sues to recover $59,-514, the value of internal revenue tobacco tax stamps affixed to packages of cigarettes which stamps and cigarettes were wholly destroyed by fire when the freight car in which they were being transported was wrecked. The substantive problem whether, in such circumstances, a manufacturer of cigarettes has a legal right to obtain from the Government a refund of the cost of the stamps was considered by this court and decided in the affirmative in the case of Stephano Brothers v. United States, 89 F.Supp. 693, 116 Ct.Cl. 503. The Government has vigorously asserted in this case that that decision was wrong, and that we

should overrule it. We have restudied the problem, but we adhere to the view expressed in that case.

The Government contends that, even if the plaintiff was, after the destruction of the stamps, entitled to be refunded their value, it lost that right by failing to sue within the period of the applicable statute of limitations. We therefore consider what is the applicable statute. Section 2501 of Title 28, U. S. Code, provides that suit must be filed on a claim against the United States within six years after the claim accrues. In this case the plaintiff's claim for redemption of the stamps was rejected on July 7, 1945, and this suit was instituted on July 16, 1948, well within the six-year period. But the Government urges that Section 2501 is not the applicable statute of limitations. It says that Section 3772 (a) of the Internal Revenue Code, 26 U.S.C. § 3772(a), is applicable. That Section provides that no suit may be maintained to recover any internal revenue tax alleged to have been erroneously or illegally assessed or collected, after the expiration of two years from the date of mailing by registered mail by the Commissioner of Internal Revenue to the taxpayer of a notice of the disallowance of the claim. If Section 3772 is the applicable statute of limitations, the plaintiff's suit was filed too late.

The plaintiff's claim is not for taxes erroneously or illegally assessed or collected. It claims only that the statute providing for the redemption of tobacco tax stamps entitled it to have its money back, though the stamps were required by law to be bought and affixed before the cigarettes could be shipped. Section 3772 does not, then, in terms apply to the plaintiff's claim. The Government's argument for its application is, in effect, this. The general six-year statute of limitations does not apply to claims for the refund of taxes. Unless, therefore, Section 3772 is construed to apply to the plaintiff's claim, there would be no period of limitation for it, which would be a situation not likely to have been intended by Congress. The first premise in this reasoning seems to be incorrect. Section 2501, the six-year statute, does not

say that it is not to be applied to tax cases. The Supreme Court of the United States, in Fidelity & Deposit Company of Maryland v. United States, 259 U.S. 296, 42 S.Ct. 511, 66 L.Ed. 948, held that in that case the six-year general statute and not the two-year tax statute was applicable to the tax claim there involved. To restrict Section 3772 to the kind of tax claims covered by its language does not, therefore, have the undesirable effect of leaving other tax claims, not so covered, without any limitation.

The plaintiff is entitled to a judgment for $59,514.00.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.