**PHILIP MORRIS & CO., Inc., TO USE OF AETNA INS. CO.**

v.

**UNITED STATES.**

**P. LORILLARD CO., Inc., TO USE OF AETNA INS. CO.**

v.

**UNITED STATES.**

No. 683-53 & 684-53.

United States Court of Claims.

May 4, 1954.

.766

J. A. Marshall, Washington, D. C., for plaintiffs. Hugh H. Obear, Washington, D. C., Sands, Marks & Sands, Richmond, Va., and Douglas, Obear & Campbell, Washington, D. C., were on the briefs.

Benjamin H. Pester, Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

MADDEN, Judge.

The petitions allege that the plaintiffs are manufacturers of tobacco products, each having a factory at Richmond, Virginia. In December of 1951 each withdrew from its factory a large number of unbroken packages of tobacco products, those of Philip Morris consisting of cigarettes and smoking tobacco and those of Lorillard consisting of cigarettes and cigars. They affixed the proper number of Internal Revenue stamps to the packages, and delivered the packages to the Overnite Transportation Company, a trucking company, for carriage to various customers of the plaintiffs who had ordered them. The truck trailer in which the packages were placed ran over an embankment near Danville, Virginia, overturned and burned, and the packages of tobacco products and the stamps affixed to them were completely destroyed by fire.

The plaintiffs filed claims with the Treasury Department for the refund or redemption of the stamps. The claims were denied.

The Aetna Insurance Company had issued one or more policies of insurance to the Overnite Transportation Company, covering the liability of that company as a carrier or bailee of the goods of the plaintiffs, and it paid to each of the plaintiffs the value of the tobacco products and affixed stamps which had been destroyed. Each of the plaintiffs brings its suit for the use of the Aetna Insurance Company.

The Government, in support of its motion to dismiss the petitions raises again the question of the redeemability of stamps affixed to tobacco products and later completely destroyed. We considered that question in Stephano Brothers v. United States, 89 F.Supp. 693, 116 Ct. Cl. 503, discussing the pertinent statutes and Treasury Regulations, and deter-

mined that the plaintiff could recover the value of stamps destroyed under circumstances such as those here present. We again so decided in Philip Morris & Co. v. United States, 100 F.Supp. 820, 120 Ct.Cl. 703. We adhere to those decisions.

In both the Stephano and Philip Morris cases, supra, the plaintiffs sued for the use of insurance companies which had reimbursed the plaintiffs for their losses. In those cases the Government raised no question as to the propriety of that procedure. In the Stephano case, we referred to the case of United States v. American Tobacco Company, 166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081, in which it was held that a suit by the Tobacco Company for the use of the insurance company which had insured the Tobacco Company and had reimbursed it for its loss was proper. The Government urges, however, that in the instant case the insurance company had not insured the plaintiffs, but had issued its policy to the carrier, and hence is too far removed, so far as legal relations are concerned, from the plaintiffs, to be a beneficiary of this suit.

We do not have the insurance policy or policies before us. We suppose that they obligated the insurance company to assume and pay any liability which the carrier might have to shippers such as the plaintiffs. Whether the plaintiffs could, as third party beneficiaries or otherwise, have sued the insurance company if it had not paid them, we do not know. Whether, having paid the plaintiffs, though, we assume, not contractually bound to pay them, the insurance company by subrogation or other doctrine would have rights against the plaintiffs to any recovery which they might obtain from the Government, we do not know. The briefs of the parties do not discuss the question.

In the American Tobacco Company case, supra, the Court held that the fact that the plaintiff there had been reimbursed by an insurance company for the lost stamps did not nullify the plaintiff's right to demand redemption of the stamps by the Government. In the instant case, likewise, the plaintiffs, because they have been reimbursed by others for the value of the stamps, have not lost their rights to have the stamps redeemed. The writer of this opinion thinks that what they do with the money when and if they get it is really no concern of the Government. He would therefore treat the statement in the petitions that the suits are for the use of the insurance company as surplusage, and, on that ground, deny the Government's motions to dismiss the petitions. The other members of the court have a somewhat different view which is expressed in a separate opinion.

The Government's motions are dismissed.

It is so ordered.

WHITAKER, Judge (concurring).

█ I agree, the defendant's motion to dismiss should be denied. I do not think, however, we should treat as surplusage the allegation in the petitions that the suits are for the use of the insurance company.

██ If plaintiffs recover from the Government, they would be obliged to pay over the money to the insurance company, since that company has already paid them. If they should refuse to do so, they undoubtedly could be forced to do so by suit in the appropriate court. This being true, why should not any judgment we may render in plaintiffs' favor recite that it is for the use of the insurance company? We have jurisdiction to do so under the Contract Settlement Act, 41 U.S.C.A. § 101 et seq. That jurisdiction has been invoked and should be exercised.

JONES, Chief Judge, and LITTLETON, Judge, concur in this opinion.