**WESTINGHOUSE ELECTRIC CORPORATION**

v.

**The UNITED STATES.**

No. 443–55.

United States Court of Claims.

May 1, 1956.

George G. Tyler, New York City, for plaintiff. L. E. Kust and Albert Rosenblum, New York City, were on the briefs.

Elizabeth B. Davis, Washington, D. C., with whom was Charles K. Rice, Acting Asst. Atty. Gen., for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff sues to recover $1,922,-614.96 of manufacturers' excise taxes paid under sections 3403 through 3406 of the Internal Revenue Code of 1939, as amended, 26 U.S.C. The plaintiff asserted two claims in its petition, the second claim being in the alternative. The defendant moved to dismiss the first claim on the ground that it was premature.

The facts alleged in the first claim of the petition may be summarized for purposes of this motion as follows:

The plaintiff corporation manufactures, produces and sells various electrical products, including refrigerators,

quick-freeze units, water heaters, dehumidifiers, radio and television sets, ranges, housewares, fans, room heaters, electric light bulbs and tubes, and automotive lamps. Some of these products are sold by plaintiff under warranties of 1 year or less and some are sold under extended warranties, i. e., warranties for periods of 4 years, 9 years or 19 years. Depending upon the particular electrical product and the length of the warranty period, it is plaintiff's policy to replace free of charge defective parts or components or, at plaintiff's option, to pay to the distributor who provides service to the customer an allowance for the labor cost of repair or replacement of certain defective parts or components.

The plaintiff duly filed returns of manufacturers' excise taxes imposed on its sales of these products for the period from October 1, 1941, through March 31, 1954, and paid in full the amounts shown on the returns. The manufacturers' excise taxes paid by plaintiff on its sales of these electrical products were computed without deducting any element of the actual or estimated cost to plaintiff of fulfilling the warranties.

The plaintiff filed a claim for refund on November 23, 1955, in the amount of $1,922,614.96, claiming that the amounts expended during the period November 1, 1949, to March 31, 1954, in fulfilling the warranties were "bona fide discount, rebate or allowance" within the meaning of section 3443(a) (2) of the 1939 Code, as construed by this court in General Motors Corporation, Frigidaire Division v. United States, 121 F.Supp. 932, 128 Ct.Cl. 465, certiorari denied 348 U.S. 942, 75 S.Ct. 363, 99 L.Ed. 737. The plaintiff's petition herein was filed on November 28, 1955.

The defendant contends that plaintiff cannot maintain a suit for the refund of Federal manufacturers' excise taxes under section 3443(a) (2) without filing a claim for refund, and then only after the rejection of the claim by the Commissioner of Internal Revenue, or the expiration of 6 months, whichever is the earlier.

The pertinent part of section 3772(a) of the 1939 Code, as amended, 26 U.S.C. § 3772, 1952 ed., provides:

"*Suits for refund—(a) Limitations—(1) Claim.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner * * *.

"*(2) Time.*—No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, * * *."

The plaintiff contends that its first claim is not based on a refund of taxes "erroneously or illegally assessed or collected," etc., but rather upon ·section 3443(a) (2), as construed in the General Motors case, supra, where the tax was properly collected and became refundable only upon the subsequent warranty expenditures. The plaintiff contends that since the tax was properly collected and became refundable only upon the occurrence of subsequent events, section 3772 (a) has no application to this case and, therefore, there is no prohibition against bringing a suit before the expiration of 6 months from the filing of a claim for refund.

The pertinent part of section 3443 provides:

"(a) A credit against tax under this chapter, or a refund, may be allowed or made—* * *

"(2) to any person who has paid tax under this chapter with respect to an article, when the price on which the tax was based is readjusted by reason of return or repossession of the article or a covering or container, or by a bona fide dis-

count, rebate, or allowance; in the amount of that part of the tax proportionate to the part of the price which is refunded or credited. * *

"(b) Credit or refund under subsection (a) shall be allowed or made only upon compliance with regulations prescribed by the Commissioner with the approval of the Secretary."

The pertinent part of the regulations are set forth below.[1]

The defendant also contends that plaintiff's claim for refund is timely only with respect to the taxes paid on or after November 23, 1951, because the 4-year statute of limitations contained in section 3313 is the governing statute of limitations. Section 3313 provides:

*"Period of limitation upon refunds and credits.*—All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law * * * be presented to the Commissioner within four years next after the payment of such tax, penalty, or sum. The amount of the refund * * * shall not exceed the

portion of the tax, penalty, or sum paid during the four years immediately preceding the filing of the claim, or if no claim was filed, then during the four years immediately preceding the allowance of the refund."

The plaintiff contends that section 3313 has no application because that section applies to taxes erroneously collected, etc., whereas plaintiff's taxes were correctly collected, but, upon the warranty expenditures, became refundable under section 3443(a) (2). The plaintiff contends that since the Internal Revenue Code does not provide a statute of limitations for these claims, the governing statute of limitations is the general 6-year statute of limitations contained in 28 U.S.C. § 2501. Section 2501 provides:

"Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

It is thus seen that the issue presented is whether a refund of manufacturers' excise taxes, which when originally paid were correctly assessed and collected but became refundable under section 3443(a) (2) because of an adjustment in the selling price, is governed by sections 3772 and 3313, which by their terms apply only to taxes erroneously, illegally or wrongfully assessed and collected, etc.

1. Regulations 46, (1940 ed.), section 316.-13. *"Discounts and adjustments, generally.*—Readjustments in sale price (such as allowable discounts, rebates, bonuses, etc.) cannot be anticipated. The tax must be based upon the original price unless the readjustments have actually been made prior to the close of the month in which the tax upon the sale is returned. However, if the price upon which the tax was computed is subsequently readjusted, a proper credit may be taken against the tax due on a subsequent return, or an appropriate claim for refund may be filed. (See section 316.-94.) * * * "

Section 316.94 [renumbered section 316.204 by T.D. 5099, 1941-2, C.B. 216, 278]. *"Credits and refunds.*—* * *. In the case of a readjustment of price

to the manufacturer's vendee by reason of the return or repossession of an article or a covering or container, or by a bona fide discount, rebate, or allowance, the manufacturer who paid the tax based upon the original price may file a claim for refund or take credit against the tax due upon any subsequent monthly return in the amount of that part of the tax proportionate to the part of the sale price which is refunded or credited to the purchaser. In no case shall such a refund or credit be allowed to the taxpayer in connection with an article or a covering or container sold prior to June 21, 1932. The refund or credit of the tax shall be allowed only if a sworn statement is furnished showing that the readjustment of price has actually been made. (See section 316.13.) * * * "

■ We agree with plaintiff that sections 3772 and 3313 have no application to plaintiff's claim for refund because its claim is for a refund of taxes correctly assessed and collected originally but which subsequently became refundable under section 3443(a) (2), and that since the Internal Revenue Code does not provide a statute of limitations for its claim, 28 U.S.C. § 2501 is the governing statute of limitations. Philip Morris & Co., Ltd., Inc., to Use of Great American Ins. Co. v. United States, 100 F.Supp. 820, 120 Ct.Cl. 703. In the Philip Morris case the taxpayer sued to recover the value of internal revenue tobacco tax stamps affixed to cigarette packages that were destroyed by fire. The court had earlier held in Stephano Brothers, to Use of Great American Ins. Co. v. United States, 89 F.Supp. 693, 116 Ct.Cl. 503, that such taxes could be recovered under section 2198 of the Internal Revenue Code. The Philip Morris case was brought more than 2 years after the taxpayer's claim had been disallowed by the Commissioner, and the Government contended that section 3772 (a) (2) was the governing statute of limitations. We held that since the taxes were not erroneously assessed and collected, section 3772 was not applicable, and that 28 U.S.C. § 2501 was the governing statute of limitations. See also Sunny Brook Distillery Co. v. United States, 48 F.2d 976, 72 Ct.Cl. 157, where the court disallowed interest on a refund that was not based on a tax erroneously and illegally assessed and collected because the applicable interest section allowed interest only on refunds of taxes that were erroneously assessed and collected. Accord, Rev.Rul. 55–650, Int. Rev.Bull. No. 43, at p. 23; Rev.Rul. 191, 1953–2 C.B. 352.

The defendant's argument that Siegel v. United States, 18 F.Supp. 771, 84 Ct. Cl. 551, supports its contention that the incurrence of the warranty expenditure made the prior collection of the tax an erroneous exaction within the meaning of sections 3772 and 3313, is without merit. The original collection of an estate tax in the Siegel case was retroactively made erroneous as a result of the enactment of section 403(b) (2) and (3) of the Revenue Act of 1921, 42 Stat. 227, 280, which was specifically made retroactive to September 8, 1916. The refund in the Siegel case was based on a retroactive change in the law as applied to the facts in existence when the tax was originally paid. In the instant case there was no retroactive change in the law, but rather the occurrence of facts in subsequent years that entitled plaintiff to a refund under section 3443(a) (2).

■ The purpose of section 3313 was to give the taxpayer 4 years from the time the tax was erroneously assessed and collected to recover such taxes. To apply section 3313 to refunds arising under section 3443 (a) (2) would in many cases bar the right of recovery before the right to a refund came into existence. Payments made in the fifth year of a 5-year warranty would be barred, notwithstanding the fact that section 3443(a) (2) specifically states that the taxpayer is entitled to a refund or credit under such circumstances. Such a result is illogical and unreasonable.

■ Section 3443(b), H.Rep. No. 708, 72d Cong., 1st Sess., pp. 38–39, and section 316.204 of the Regulations (set out in footnote 1 of this opinion), contemplate the taking of a credit or the filing of a claim for refund for taxes refundable under section 3443(a) (2). Either a credit must be taken or a claim for refund must be filed with the Commissioner. In the instant case a claim for refund was filed with the Commissioner. Suit was filed in this court 5 days later in order to stop the running of the statute of limitations. The Commissioner has not, in the meantime, acted upon the claim and should be allowed a reasonable time within which to act on these claims for refund before the court should act upon them. If the statute of limitations is about to run on a claim under section 3443(a), such claim can be preserved by the filing of a petition in this court with a request for the suspension

of proceedings until the Commissioner has acted or until the expiration of a reasonable time.

In the circumstances of this case we are of the opinion that further proceedings on plaintiff's first claim should be suspended until May 23, 1956.

The defendant's motion to dismiss plaintiff's first claim is, therefore, overruled.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.