Stewart P. VERCKLER, as Executor of the Estate of Margaret Stewart Verckler

v.

UNITED STATES.

No. 361–57.

United States Court of Claims.
March 4, 1959.

Graham Loving, Oklahoma City, Okl., for plaintiff. L. Karlton Mosteller and Mosteller, Fellers, Andrews & Loving, Oklahoma City, Okl., on the briefs.

Jack F. Blair, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant.

LARAMORE, Judge.

This is a suit for the refund of $20,-863.74 in estate tax paid by the plaintiff as executor of the estate of Margaret Stewart Verckler. Claim is made under the provisions of Public Law 417, 84th Congress, 2d Session, 70 Stat. 26, approved February 20, 1956, retroactively amending the Internal Revenue Code of 1939 by adding new section 814, 26 U.S.C.A. § 814, which provided in pertinent part as follows:

"* * * If the executor so elects, the tax imposed by sections 810 and 935 in the case of a decedent (but only if the decedent was a citizen or resident of the United States at the time of his death) dying after December 31, 1951, shall be credited with all or a part of the amount of the Federal estate tax paid with respect to the transfer of property * * * to the decedent by or from a person * * * who was the spouse of the decedent at the time of such person's death and who died within two years before the decedent's death * * *."

The remaining portions of the act deal with the method of computing the credit and a provision that no interest shall be allowed in case of refund resulting from relief under the act.

The uncontroverted facts in this case show that the decedent Margaret Stewart Verckler died on February 25, 1952, which was within two years of the death of her lawful spouse. On May 21, 1953, an estate tax return was filed together with payment of $175,858.74 as shown due by that return. On April 23, 1956, a deficiency assessment was made against the estate in the amount of $2,194.65 together with interest. This deficiency assessment was paid in full on April 27, 1956. On September 19, 1956, plaintiff filed a claim for refund of estate taxes in the amount of $23,058.39 alleging entitlement to the provisions of P.L. 417, supra, because that sum represented estate tax paid on property previously taxed to the estate of decedent's husband. The Commissioner of Internal Revenue allowed plaintiff's claim to the extent of $2,194.65 which was equal to the deficiency payment, less interest, made on April 27, 1956, but denied refund for the remaining $20,863.74 for which plaintiff has instituted this suit. Both parties have moved the court for summary judgment stating that there is no issue as to any material fact and that they are entitled to judgment as a matter of law.

The Government's sole defense to this action is that the claim is now barred by the applicable statute of limitations. This arises in the following manner:

Section 7422(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7422(a) provides:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * or of any sum alleged to have been

excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Section 910 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 910 under which this claim arises provides that:

"All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund.[1] "

 Defendant contends, and the facts clearly show, that with respect to the $20,863.74, this amount was paid to the Commissioner more than three years prior to making a claim for refund on September 19, 1956. This defendant says is a complete bar to any recovery because under the provisions of section 3774 of the 1939 Code, 26 U.S.C.A. § 3774 the Commissioner is barred from making any refund after the period for filing claim has expired. Defendant then cites many cases holding for the proposition that timely filing of a claim for a refund of tax is a procedural prerequisite to the bringing of a lawsuit. We are in complete agreement with the defendant, and the cases it has cited, and do not feel that any further discussion of this point is either necessary or warranted. However, this does not dispose of the instant suit.

The 1939 Code under which plaintiff's original estate tax liability arose was retroactively amended by P.L. 417 on February 20, 1956, in order that the estates of persons dying subsequent to December 31, 1951, would receive substantially the same tax treatment afforded estates by section 2013 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2013. The amendment as passed by Congress contained no provision as to a time limit for filing claims thereunder. Defendant says that this is significant in itself and can only mean that Congress intended that claimants should be bound by the law and regulations promulgated under the 1939 Code without reference to the effect of the amendment. The net result of such a construction is that sections 910 of the 1939 Code and 7422(a) of the 1954 Code would deny benefits of P.L. 417 to those estates which settled their tax bill more than three years prior to February 20, 1956.

However, it is the opinion of this court that neither section 910 of the 1939 Code nor section 7422(a) of the 1954 Code, supra, should be so construed as to create a legal bar to the intended relief of the statute. Prior to the passage of the amending act, the action of the Commissioner in assessing and collecting estate taxes upon property previously taxed in the estate of decedent's spouse was both correct and legal. Therefore, no claim for refund could possibly be filed upon the grounds that there had been an erroneous or illegal collection of tax. In short, no cause of action existed. Certainly no authority exists for filing contingent claims based upon the possible action of Congress in passing remedial legislation. Not until February 20, 1956, when P.L. 417 came into effect, did plaintiff have a right to claim and receive refund of the tax. This was not a claim for taxes previously erroneously or illegally collected, but an election to receive the benefits of a relief statute.[2]

---

1. Treasury Regulations 105, § 81.96, follows § 910 of the 1939 Code in requiring that claim must be made within three years next after payment of the tax.

2. That P.L. 417 was intended as a relief act is clearly borne out by S.Rep. No. 1402, 84th Cong., 2d Sess., U.S.Code Cong. & Adm.News 1956, p. 2244.

The result contended for by defendant would be harsh indeed because in order to qualify under its theory plaintiff's claim would have had to have been on file by May 21, 1956, just over three months from the enactment of P.L. 417. This seems to us an arbitrary and unwarranted construction of a relief statute.

It is commonly held among the courts that statutes intended to relieve persons of hardships should be construed in favor of those who are the intended beneficiaries. Hollander v. United States, 2 Cir., 248 F.2d 247. To require the filing of a claim for refund within three years from the date of payment of the tax, for which P.L. 417 provides relief, would in some cases completely negate any and all benefits provided by that act. Such would have been the case if this plaintiff had paid its tax three months and one day earlier. This would necessarily reward taxpayers who delay payment of their estate tax while at the same time denying similar treatment to those who meet their responsibilities with celerity. Such a consequence shocks the conscience and clearly does violence to the intended purpose of P.L. 417 which was to make its relief available with respect to estates of all decedents dying after December 31, 1951, and before August 16, 1954. H.R.Rep. No. 1495, 84th Cong., 2d Sess.

What then is the proper limitation period applicable to claims made under P. L. 417? In Siegel v. United States, 18 F.Supp. 771, 84 Ct.Cl. 551, this court had opportunity to decide a somewhat similar question. In that case Congress had in 1921 passed a law, section 403 of the Revenue Act of 1921, 42 Stat. 279, providing that property which had been subjected to an estate tax within the preceding five years should not again be taxed in an estate. The act further provided that where property had already been taxed twice within five years by reason of its inclusion in the gross estate of a

decedent, refund should be made. The act was made retroactive to September 8, 1916, and decreed that:

"In the case of any estate in respect to which the tax has been paid, if necessary to allow the benefit of the deduction * * * the tax shall be redetermined and any excess of tax paid shall be refunded to the executor."

In the Siegel case the plaintiffs did not file a claim for refund under the relief act until more than 11 years after final settlement of the estate involved. The Commissioner denied the claim and within two years suit was brought in this court.

The court held that in order for the taxpayer to obtain a refund it was not necessary to file a claim with the Commissioner as required by section 3228 of the Revised Statutes. (Section 3228 of the Revised Statutes is substantially the same as section 910 of the Internal Revenue Code of 1939.) However, the court did hold that section 3226 of the Revised Statutes requiring that suit for recovery of any tax alleged to have been illegally or erroneously collected be brought within two years after a disallowance by the Commissioner was applicable.[3]

The court reasoned that the retroactive provision of the act which specifically directed the Commissioner to refund the tax took the place of a claim for refund required by Rev.Stat. § 3228 and since the suit was instituted within two years of rejection as required by Rev. Stat. § 3226 plaintiff was entitled to judgment. The court further held that the retroactive provisions of the act made what previously had been correctly assessed taxes illegal and erroneous within the meaning of Rev.Stat. § 3226.

The act which we are called upon to interpret contains a retroactive provision which has the same effect of making the prior legal exactment of taxes erroneous and illegal. However, P.L. 417 does

---

3. In the Siegel case, Government counsel argued that the general limitation period of six years applicable to suits in this

court applied and that plaintiffs' cause of action first accrued upon passage of the Act on November 23, 1921.

not, as in Siegel, contain a command to the Commissioner that he make refund, but instead requires that the executor elect to come within its provisions. By election we think Congress could only have meant the filing of a claim for refund with the Commissioner in order that he may be afforded an opportunity to audit returns and redetermine the tax. Thus section 7422(a) of the 1954 Code should operate as requiring that a claim for refund must be filed prior to the institution of legal proceedings. In this connection section 910 of the 1939 Code should also be held to require that a claim be filed within three years from the payment of the illegal or erroneous tax. Since the payment here in question was not illegal, erroneous or excessive until the approval of P.L. 417, we construe that act as creating a constructive payment as of February 20, 1956, and the three year limitation period of section 910 did not begin to run until that time.[4]

In summary, P.L. 417 created a cause of action based upon the payment of an illegal and erroneous estate tax; the payment constructively arose as of the date the law was approved; section 910 of the 1939 Code became operative as a limitation period for filing a claim as of that date and not as of the date the previous legally assessed tax was paid.

Plaintiff filed his claim for refund within three years of February 20, 1956, which claim has been rejected and timely suit brought. Having complied with the provisions of law applicable to the refund of estate tax, plaintiff is entitled to recover $20,863.74, without interest,[5] and judgment will be entered to that effect.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

4. In Dempster v. United States, 162 F. Supp. 585, the U. S. District Court, E. D. Tenn.N.D., held in a somewhat similar case that the general limitation period which controls suits against the United States was applicable and that the cause of action first accrued when the act there in question was approved. Cf.

Westinghouse Electric Corp. v. United States, 140 F.Supp. 565, 135 Ct.Cl. 119.

5. Section 2 of P.L. 417, 26 U.S.C.A. § 814 note provides that "No interest shall be allowed or paid on any overpayment resulting from the amendment made by the first section of the Act."